THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Willie Byrd, Respondent,
 
 
 
 
 

v.

 
 
 
 
 South Carolina Department
 of Corrections, Appellant.
 
 
 
 
 

Appeal from the Administrative Law Court
 John D. McLeod, Administrative Law Court
Judge

Unpublished Opinion No.   2011-UP-069
 Submitted January 4, 2011  Filed February
16, 2011

AFFIRMED

 
 
 
 Christopher D. Florian, of Columbia, for
 Appellant.
 Willie Byrd, pro se, for Respondent.
 
 
 

PER CURIAM: The
 Department of Corrections (the Department) appeals the Administrative Law
 Court's (ALC) order, arguing the ALC erred in reversing the Department's disciplinary
 sanctioning of Willie Byrd after a prison disciplinary hearing was held in his
 absence.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C. Code
 Ann. § 1-23-610(B)(a), (d) (Supp. 2010) (providing the authority to review
 decisions of the ALC for "violation[s] of constitutional or statutory
 provisions" or "other error[s] of law"); Wolff v. McDonnell,
 418 U.S. 539, 556 (1974) ("[T]here must
 be mutual accommodation between institutional needs and objectives and the
 provisions of the Constitution that are of general application."); Battle
 v. Barton, 970 F.2d 779, 782 (11th Cir. 1992) ("[A]n inmate's right to attend a prison disciplinary hearing is
 one of the essential due process protections afforded by the Fourteenth
 Amendment and recognized in Wolff."); Ponte v. Real,
 471 U.S. 491, 497 (1985)  (requiring prison officials
 to explain in the record reasons that "logically relate[] to preventing
 undue hazards to institutional safety and correctional goals" (internal
 quotations omitted)); Al-Shabazz v. State, 338 S.C. 354, 382, 527
 S.E.2d 742, 757 (2000) ("[The] Department must create a record and adequately explain its
 decision to afford meaningful review by the [ALC] . . . [and ultimately] the
 judicial branch.").  The record is devoid of any evidence of institutional
 safety, needs, or correctional goals.
AFFIRMED.
THOMAS,
 PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.